*23 OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed without costs and the action is dismissed.
Plaintiff commenced this small claims action to recover $5,000 in damages after plaintiffs camper was allegedly ruined while stored at defendant’s facility. Plaintiff attributed the damage to vandalism. After a nonjury trial, the District Court found that the damage to plaintiffs camper was the result of defendant’s negligence and awarded plaintiff the principal sum of $5,000. Defendant appeals.
We find that substantial justice was not done between the parties according to the rules and principles of substantive law (UDCA 1807). The lease agreement between the parties stated that defendant, a self-service storage facility (see Lien Law § 182), is not a warehouse. It also contained several exculpatory clauses, including a clause stating that defendant is not responsible for any personal property stored by plaintiff. Under the facts presented, the provisions of the Uniform Commercial Code, including section 7-204 thereof, which provides that a warehouseman is responsible for negligent damage to goods in his custody and sets forth the sole manner in which a warehouse owner may properly limit his liability, do not apply (see Lien Law § 182 [1] [a]). Moreover, plaintiff has not demonstrated that the damage to his camper, which he attributed to vandalism, was the result of defendant’s willful or grossly negligent acts, in which case the exculpatory clauses would not be enforced (see Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 384-385 [1983]). Under these circumstances, there was no basis for the District Court’s determination of liability. Accordingly, the judgment is reversed and the action is dismissed.
Tanenbaum, J.E, Molía and Iannacci, JJ., concur.